### UNITED STATES v. ROTH.

### Cr. No. 39449.

District Court, E. D. New York.

Jan. 6, 1944.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Hyman H. Goldstein, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Hayden C. Covington, of Brooklyn, N. Y., for defendant.

MOSCOWITZ, District Judge.

The defendant was indicted for violation of the Selective Training and Service Act of 1940, as amended 50 U.S.C.A. Appendix, § 311, it being alleged that he unlawfully, wilfully and knowingly failed and neglected to perform a duty required of him under the said Act and the Regulations promulgated thereunder by failing to report for induction on July 1, 1943, as required by a notice duly given to him on June 18, 1943, by his Local Board, pursuant to the said Act and Regulations. The defendant waived a jury and the case has been tried by the court without a jury.

The defendant has offered no evidence to rebut the accusation concerning his failure to report at the time and place set forth in the notice but contends in defense to the crime charged that the said notice to report on July 1st was rendered null and void by an order and letter issued by the National Director[1] of Selective Service on July 6th and that since no new order to report for induction was ever issued to him thereafter, he has not violated the Act in the manner charged.

The defendant duly registered with Local Board 133, filed his questionnaire and on May 16, 1941, was classified in I-B. Thereafter he wrote a letter to the Local Board stating that he was a minister and would accept no classification other than IV-D. On December 1, 1941 he was placed in Class IV-D. On May 17, 1943, he was re-classified into I-A and duly informed thereof. At no time since that date has he ever taken an appeal from such I-A classification.[2]

On June 18, 1943, Local Board 133 issued to defendant an order to report for induction on July 1, 1943, which he received in due course. On June 21st he wrote to Local Board 133 stating that since the said Board had reclassified him as I-A and had sent him induction papers, he wished to appeal to the President of the United States on the ground that he is a minister of the gospel.

Evidently in response to communications from the defendant, on July 6th the National Director of Selective Service sent a telegram, followed by a letter to the Director of Selective Service for New York City, ordering the latter to postpone induction of the defendant until an investigation might be had to consider the advisability of taking an appeal of his case to the President of the United States. It is these communications

---

[1] Whenever "National Director" appears, reference is being made to National Headquarters, Selective Service System, Washington, D. C., by Simon P. Dunkle, Lt. Colonel, Infantry, Camp Operations Division, no distinction being recognized for purposes of this case.

[2] Section 627.2 of the Regulations provides that the registrant may take an appeal at any time within 10 days after the date when the local board mails to the registrant a notice of classification and that "unless the local board thereafter permits an appeal, the right of such person to appeal shall expire at the end of the 10-day period".

which the defendant contends nullified the Local Board's order commanding him to report for induction on July 1st, even though they admittedly were not sent until after that date.

There is no authority in the Selective Service Act nor in the Regulations promulgated thereunder for the result which the defendant asserts, nor was it the intention of the National Director that his directions of July 6th should have the effect asserted by the defendant. Section 633.1, Regulations, subd. (b), provides: "The Director of Selective Service * * * may for good cause at any time prior to the issuance of an Order to Report for Induction (Form 150) order a local board to delay the issuance of such order until such time as he may deem advisable, or * * * may for good cause at any time after the issuance of an Order to Report for Induction (Form 150) order a local board to postpone the induction of a registrant until such time as he may deem advisable, and no registrant shall be inducted into the land or naval forces during the period of any of such delays or postponements". The scope of this provision is apparent from the language used. The National Director may do one of two things: (1) He may delay the issuance of an induction notice or, (2) he may, at any time during the interim between the issuance of the induction notice and the date upon which the registrant is ordered by said notice to report, postpone such induction. Nowhere is it stated that any delaying action may be instituted after the induction date has passed. The prohibition embodied in the last clause of the quoted regulation would have no effect under any other construction. No registrant is to be inducted where, prior to the date upon which he is to report, his induction has been postponed by the Director, but where that date has passed, he would already have

been inducted had he appeared and the postponement cannot apply to him.

In the instant case, the National Director legally could have postponed induction at any time between June 18th, when the notice to report was issued, and July 1st, the day upon which registrant was ordered to report, but not thereafter. The delinquency which the Selective Service Act defines as a crime and with which the indictment charges the defendant was complete on July 1st and the subsequent events related had no effect upon it.

That it was never the intention of the National Director that his communications should have the effect of vindicating a delinquency already existing is apparent from his subsequent correspondence. When he first considered the application of the defendant, the Director had not been informed and was not aware that the date upon which defendant was to report for induction had already passed and that he was a delinquent for having failed to report. The Director was evidently under the impression that he was being requested to review merely the classification of a registrant who was not a delinquent.[3] When the National Director was informed by the Director of Selective Service for New York City that the registrant was already a delinquent, having failed to report for induction on July 1st, the National Director replied by letter as follows: "We note from your letter that this registrant was delinquent on a notice to report for induction at the time of the receipt of our communication. No further action is contemplated by this headquarters." It thus appears that if the National Director had originally been informed of the true status of the registrant, his communications concerning postponement of induction would never have been forwarded and that it was never his intention that they should cure a delinquency already in existence.

[3] This is made clear by the letter of July 6th to the Director of Selective Service for New York City, which merely corroborated the order and telegram which preceded it, and which reads:

"The Director of Selective Service has been requested to review the classification of the above-named man in order to determine the advisability of taking an appeal to the President.

"It is represented that this registrant is a man who customarily preaches and teaches the principles of religion of a recognized church, religious sect or religious organization of which he is a member and that as such is entitled to consideration for classification in Class IV-D.

"It is requested that you complete a thorough investigation of all the facts and circumstances in connection with this case, making particular inquiry as to the extent to which this man's time and energies are devoted to all ministerial duties. A report is requested together with any recommendation you care to make relating to this subject.

"It is desired that induction of this man be postponed until you have had a response from this headquarters following the filing of your report."

The defendant draws attention to a number of provisions in the Regulations[4] prescribing steps which the Local Board should take after a registrant has failed to report for induction on the date set forth in his notice and contends that they clearly evidence a policy that a registrant shall not be considered a delinquent merely by his failure to report. However, this argument loses significance in the light of Section 642.2 of the Regulations, which declares that: "Compliance by a local board or any other agency of the Selective Service System with any or all of the procedures prescribed by this part of the Selective Service Regulations is not a condition precedent to the prosecution of any person under the provisions of Section 11 of the Selective Training and Service Act of 1940, as amended."

The order of the Local Board to report for induction was valid and was not affected by the acts of the National Director. Having failed to report in response thereto, the defendant has unlawfully, wilfully and knowingly failed and neglected to perform a duty required of him under the Selective Training and Service Act and the Regulations and is found guilty of the crime charged in the indictment.

The defendant is ordered to appear for sentence on January 10, 1944, at 10:30 A.M.

---

[4] The procedures referred to were contained in the Regulations as they existed in the month of July, 1943, having since been deleted by amendment.